IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MADENNA K. DORGAN, AND; AND RICHARD DORGAN, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 4:20-00529-CV-RK ) ) |
| ETHICON, INC.; AND JOHNSON & JOHNSON | ) ) ) ) |
| Defendants. | ) |

### ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Before the Court is Defendants Ethicon, Inc. and Johnson & Johnson's motion for summary judgment based on bankruptcy judicial estoppel. (Doc. 85.) The motion is fully briefed. (Docs. 86, 131-1, 135.) After careful consideration and for the reasons set forth below, the motion is **DENIED**.

### Background

This case arises out of the implantation and complications surrounding transvaginal mesh ("TVT") in Plaintiff Madenna Dorgan ("Ms. Dorgan"). On August 7, 2008, Ms. Dorgan underwent implantation of TVT, for treatment of stress urinary incontinence, performed by Dr. George Austin in Blue Springs, Missouri. On March 22, 2011, Dr. Austin removed a portion of extruded and exposed TVT from Ms. Dorgan. On October 23, 2012, Ms. Dorgan underwent surgery for mesh removal performed by Dr. Ebenezer Babalola in Kansas City, Kansas. On April 3, 2013, Ms. Dorgan underwent another mesh-removal procedure performed by Dr. William Wilson in Blue Springs, Missouri. Plaintiff alleges that her TVT implant has caused her several injuries, including the following: severe pain; permanent vaginal-wall damage; nerve damage; vaginal scarring; erosion; incontinence; dyspareunia; inflammation; and urinary tract infections.

In another proceeding, the Dorgans initiated Chapter 13 proceedings in the Bankruptcy Court for the Western District of Missouri on March 6, 2012. The present case was filed about four months later, on July 12, 2012. However, the present case was not listed on the sworn schedules before the bankruptcy was discharged in 2017. The bankruptcy court granted a discharge as to Plaintiffs on August 19, 2017. (Doc. 85-1, Ex. F.)

In February 2020, Ms. Dorgan filed a motion to reopen the bankruptcy proceeding. (Doc. 131-1, Ex. F.) In March 2020, the bankruptcy court reopened the case. (Doc. 131-1. Ex. B, p. 32). Four days later, the Dorgans filed an amended schedule that listed this litigation as a potential asset with "unknown" value. (Doc. 131-1, Ex. G, at p. 4). The bankruptcy court then re-closed the case on June 18, 2020.

The bankruptcy trustee, Richard V. Fink, chose not to seek reappointment as trustee to pursue the claim. (131-1, Ex. A, at ¶ 5). Mr. Fink's office does not pursue post-completion assets absent suspicion of fraud or lack of good faith, and because this case has not been resolved, Mr. Fink's office views it as a post-completion asset. (*Id.* at ¶ 7). And, even if the Dorgans had listed this case as an asset before their initial discharge in 2017, Mr. Fink's office would not have kept the case open to wait for the resolution of this mesh litigation. (*Id.* at ¶ 6).

## Legal Standard

A movant is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Where parties file cross-motions for summary judgment, "each summary judgment motion must be evaluated independently to determine whether a genuine dispute of material fact exists and whether the movant is entitled to judgment as a matter of law." *Jaudes v. Progressive Preferred Ins. Co.*, 11 F. Supp. 3d 943, 947 (E.D. Mo. 2014). The rule requires summary judgment to be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## Discussion

Defendants argue that, because Plaintiffs failed to disclose this case in their bankruptcy proceeding, Plaintiffs should be judicially estopped from pursuing their claims here. "Judicial estoppel is an equitable doctrine invoked by a court at its discretion." *Stallings v. Hussmann Corp.*, 447 F.3d 1041, 1046 (8th Cir. 2006) (quotations and citations omitted). "The doctrine of judicial estoppel protects the integrity of the judicial process." *Id.* (quotation and citation omitted). "A court invokes judicial estoppel when a party abuses the judicial forum or process by making a knowing misrepresentation to the court or perpetrating a fraud on the court." *Id.*

The Eighth Circuit applies a three-factor test in determining whether to apply judicial estoppel. *Id*. Those factors are:

> First, a party's later position must be clearly inconsistent with its earlier position. Second, courts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled. Absent success in a prior proceeding, a party's later inconsistent position introduces no risk of inconsistent court determinations, and thus poses little threat to judicial integrity. A third consideration is whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.

*New Hampshire v. Maine*, 532 U.S. 742, 743 (2001). The Court will evaluate each factor in turn.

First, "[a] debtor's failure to list a claim in the 'mandatory bankruptcy filings is tantamount to a representation that no such claim existed.'" *Stallings*, 447 F.3d at 1047 (quoting *In re Superior Crewboats, Inc.*, 374 F.3d 330, 335 (5th Cir.2004). Here, Plaintiffs failed to list their claim to the bankruptcy court prior to their debts being discharged by the bankruptcy court in 2017. Thus, the first factor weighs in favor of judicial estoppel.

Second, the Court considers whether Plaintiffs succeeded in persuading the bankruptcy court in accepting their earlier position. Here, Plaintiffs' were discharged after they completed their confirmed Chapter 13 payment plan. (Doc. 85-1, Ex. F, *Order of Discharge*.) This indicates the bankruptcy court accepted their earlier representation that this claim did not exist. Even though the bankruptcy court reopened the bankruptcy proceeding and allowed Plaintiffs to add this case to the schedule, "the bankruptcy court's original discharge of the debt is sufficient acceptance of the debtor's position to provide a basis for judicial estoppel." *Jones v. Bob Evans Farms, Inc.*, 811 F.3d 1030, 1034 (8th Cir. 2016) (party succeeded in persuading the bankruptcy court in accepting their earlier position that claim did not exist even though party reopened the bankruptcy and added claim to the schedule) (cleaned up). Thus, as in *Jones*, the Court concludes the bankruptcy court accepted Plaintiffs position that their claims did not exist, which weighs in favor of estoppel. *Id*.

Finally, the Court considers whether Plaintiffs would derive an unfair advantage or impose an unfair detriment on the Defendants in this case. Here, the Court finds Plaintiffs would not, and have not, derived an unfair advantage. The Trustee in the Chapter 13 bankruptcy proceeding has stated, under oath, that even had Plaintiffs amended their schedule prior to the 2017 closing, he

3

would not have kept the bankruptcy proceedings open for the resolution of this case. This suggests that even had Plaintiffs listed this case on their bankruptcy schedule, it would not have impacted the discharge of their debt or their payment plan. Because the course of the bankruptcy proceeding most likely would have been substantially similar, if not identical, the Court cannot say Plaintiffs derived an unfair advantage.

Further, Plaintiff Madenna Dorgan testified that she told her bankruptcy attorney about this case, that the attorney knew this case had been filed, and that she believed this case had been listed on the schedule prior to the 2017 discharge. (Doc. 131-1, Ex. C and E.) Ms. Dorgan also stated that she disclosed she would be filing the present case at the "341" meeting in 2012. (Doc. 131-1, Ex. E.) Ms. Dorgan stated that her attorney, the Trustee, and several others were at that meeting. (*Id.*) Plaintiffs also reopened their bankruptcy case in 2020 and amended their schedule to list this case. (Doc. 131-1, Ex. F and G.) Defendants argue these facts are immaterial because Plaintiffs had knowledge of their undisclosed claims and had motive for concealment. *See Jones*, 811 F.3d at 1034 ("[A] debtor's failure to satisfy its statutory disclosure duty is 'inadvertent' only when, in general, the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment.") (citation omitted).

Here, while Plaintiffs had knowledge of their claims and potential motive for concealment (i.e. to protect any judgment here from their creditors in their bankruptcy proceeding), Plaintiffs have presented evidence that they genuinely thought their claims had been listed on the schedule. While this may not completely absolve Plaintiffs nondisclosure, it mitigates against its severity. It tends to show that Plaintiffs were not intentionally seeking an unfair advantage in the bankruptcy proceeding. Lastly, the Trustee stated that he considers the present case to be a post-completion asset because it was not resolved prior to the closing of the original bankruptcy proceeding. (Doc. 131-1, Ex. A.) He also stated that his office does not pursue post-completion assets unless they suspect fraud or a lack of good faith. (*Id.*) This suggests both that the Trustee could have pursued the present case as an asset if he wished to do so and that he does not suspect Plaintiffs committed fraud or lacked good faith in their failure to list the case on the original schedule.

As to any potential detriment to Defendants in this case, they were not creditors to Plaintiffs and will not suffer any detriment by Plaintiffs previous nondisclosure. Therefore, the Court finds Plaintiffs received no unfair advantage and no unfair detriment will be imposed against Defendants. This factor weighs heavily in favor of denying Defendants' motion.

**Conclusion**

Accordingly, Defendants' motion for summary judgment based on bankruptcy judicial estoppel (Doc. 85) is **DENIED**.

**IT IS SO ORDERED**.

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED:  September 8, 2020